## TYLER v. COOK.

Pending the proceedings on an insolvent estate, a creditor who hath had his claims allowed by the commissioners, cannot sustain a suit for the recovery of new discovered estate, but his remedy would be with the other creditors, upon the administration bond, in case the administrator should refuse to inventory it.

THIS was an action against an administrator on an estate, represented and regularly proceeded with as insolvent; brought before an average struck, by a creditor whose claim had been exhibited, and allowed by the commissioners.— It was brought on the ground of having discovered further estate not inventoried.

The only question upon the pleadings was — whether, under those circumstances, the plaintiff was entitled to this action.—And,

By the whole COURT.  We are of opinion that he is not; because the statute is express " that no process in law (except for debts due to this state, and for the last sickness and funeral charges) shall be admitted or allowed against an executor or administrator on an insolvent estate, so long as the same shall be depending as insolvent." And the plaintiff's debt is not within the exception.

The plaintiff having discovered further estate, would, by a provision in the statute, have saved his claim, in case he had not exhibited it within the time limited, and by implication have entitled him to an average upon the whole estate, or such less sum as the estate by him discovered should amount to; — but that is not this case.— His claim was seasonably exhibited and allowed, and all the benefit he could derive from the discovery of further estate, would be to come in for an average of that also, in common with the other creditors, when it should be sold, and the average settled; and his remedy jointly with theirs, in case the administrator should refuse to add it to the inventory, would be on the administration bond.